# JOSEPH J. SLOCUM and Another v. TORGER CHRISTIANSON.[2]

January 24, 1913.

Nos. 17,779–(144).

**Public land — waiver of right.**

The fact that, after a homesteader had settled upon public land within the indemnity limits of a railroad land grant and tendered a filing upon a quarter section, he again tendered a homestead application limited to three 40-acre tracts of the quarter section, is not a waiver or abandonment of his rights under the former application so far as concerns the 40-acre tract not included in the second application. [Reporter].

[1] Reported in 139 N. W. 703.    [2] Reported in 139 N. W. 599.

Action of ejectment in the district court for Chippewa county by the assignees in trust of the Hastings & Dakota Railway Company. The action was tried before Qvale, J., who made findings and ordered judgment that defendant was the equitable owner of the land and entitled to the possession thereof. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*Owen Morris,* for appellants.

*C. A. Fosnes* and *Alfred K. Fosnes,* for respondent.

PER CURIAM.

This action involves the same questions as were presented in Kinyon v. Christianson, supra, page 335, 139 N. W. 597, and the same conclusion is reached. The judgment appealed from is affirmed.

The land involved in both actions is the northwest quarter of section 13, township 119, range 40, Chippewa county. Defendant settled upon the land and tendered a filing upon the quarter section. After the second selection of the railroad company had been approved by the Interior Department, defendant again tendered a homestead application, limited to three 40-acre tracts of the quarter section. It is contended that by this action defendant waived and abandoned all rights under the former application so far as concerns the 40-acre tract not included in the last application. We do not sustain this contention. Defendant's right to the whole quarter section became vested by his first application, if at all, and by that he must stand or fall. This action involves the title to the three forties referred to, while the 40-acre tract not included in the subsequent homestead application is alone involved in the Kinyon case.

Judgment affirmed.